MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Western District of Texas (Midland) |
| --- | --- |
| Name *(under which you were convicted)*: Angela Michelle Williams | Docket or Case No.: 7:18-cr-00037-DC-1 |
| Place of Confinement: RRM San Antonio | Prisoner No.: 44980-013 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* ANGELA MICHELLE WILLIAMS |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Western District of Texas (Midland)

   (b) Criminal docket or case number (if you know): 7:18-cr-00037-DC-1

2. (a) Date of the judgment of conviction (if you know): 1/17/2019

   (b) Date of sentencing: 1/14/2019

3. Length of sentence: 51 months

4. Nature of crime (all counts):

   Count 1s: Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and
   Count 2s: Possession with Intent to Distribute Cocaine Powder, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Fifth Circuit

(b) Docket or case number (if you know): No. 19-50066

(c) Result: Affirmed

(d) Date of result (if you know): 9/28/2020

(e) Citation to the case (if you know): United States v. Williams, No. 19-50066 (5th Cir. Sep. 28, 2020)

(f) Grounds raised:

Williams appealed her convictions, arguing that the District Court erred by denying her first motion to suppress, her motion for reconsideration, and her second motion to suppress. She argued that the evidence of drugs found on her person during her post-arrest strip search should have been suppressed because there was not cause to stop her, detain her, or take her to the jail to be strip searched. She further argued that the evidence does not support her conviction for distribution of cocaine because the government's witnesses were not credible and she cannot be identified in the video evidence, taken by a cooperating witness, of a controlled drug buy.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ____________________

(2) Docket of case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF PRETRIAL COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the Suppression Hearing, Pretrial counsel's failure to:

(1) Raise, object or bring to the Court's attention the strip and body cavity search of Williams by the Midland County Detention Center for a Class C misdemeanor arrest on a traffic violation;

(2) Rěsearch the Policy of the Midland County Detention Center for strip and body cavity searches;

(3) Inquire of Officer Sedillo whether he authorized the strip and body cavity searh of Williams; and

(4) Argue that the strip and body cavity search of Williams was in violation of the Fourth Amendment deprived Williams of effective assistance of pretrial counsel under the Sixth Amendment.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __________

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

**GROUND THREE:** ______

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

Laura Ann Carpenter, Law Office of Laura A. Carpenter, 700 N. Grant Ave., Suite 104, Odessa, TX 79761

(b) At the arraignment and plea:

Thomas S. Morgan, Morgan and Morgan, 1902 West Illinois, Midland, TX 79701

(c) At the trial:

Aaron Eugene Eckman, The Law Office of Aaron E. Eckman, 306 W. Wall St. Suite 822, Midland, TX 79701

(d) At sentencing:

Aaron Eugene Eckman, The Law Office of Aaron E. Eckman, 306 W. Wall St. Suite 822, Midland, TX 79701

(e) On appeal:

D. Craig Hughes, 7324 Southwest Freeway, Suite-1466, Houston, Texas 77074

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Williams' direct appeal was affirmed on September 27, 2021 by the United States Court of Appeals for the Fifth Circuit. Williams did not file a Petition for a Writ of Ceritorari in the Supreme Court of the United States. As such, she has an extra ninety (90) days to file her Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Clay v. United States, 537 U.S. 522 (2003).
Therefore, Williams has until December 28, 2021 to file her Motion pursuant to 28 U.S.C. § 2255 Motion.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Williams respectfully requests that the Court grant the following relief:

Vacate her conviction and sentence and order a new trial; alternatively, grant an evidentiary hearing to further prove her grounds set forth above, resolve facts in dispute between the parties, expand an incomplete record or any other relief to which this Court deems that she may be entitled.

Respectfully submitted,

LAW OFFICES OF D. CRAIG HUGHES

Dated: December 24, 2021

/s/ D. CRAIG HUGHES
D. CRAIG HUGHES
SBOT No. 10211025
7324 Southwest Freeway, Suite-1466
Houston, Texas 77074
TEL: 713-535-0683
FAX: 713-510-1856
Email: dcraighughes@msn.com

Attorney for Movant
ANGELA MICHELLE WILLIAMS