**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| ANGELA MICHELLE WILLIAMS | |
| v. | 7:18-CR-00037-DC-1 |
| UNITED STATES OF AMERICA | |

**GOVERNMENT'S RESPONSE TO MOVANT'S MOTION TO VACATE,**
**SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now, the United States of America (hereinafter "USA") by and through the United States Attorney and the undersigned Assistant United States Attorney, and makes this Response to Movant, ANGELA MICHELLE WILLIAMS's (hereinafter "Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "Motion"), filed on December 24, 2021, the United States would show the Court the following:

## PROCEDURAL BACKGROUND

1.      On January 2, 2018, Movant was arrested.

2.      On January 3, 2018, Laura Carpenter, Esq. was appointed counsel for Movant. ECF Doc. 3.

3.      On January 29, 2018, an Unopposed Motion to Substitute Attorney was filed by David Rogers.  ECF Doc. 15.  On January 29, 2018, Text Order Granting Attorney David Rogers' Motion was entered.  David Rogers, Esq. was added as attorney of record for Movant and Laura Carpenter, Esq. was terminated.

4.      On February 28, 2018, a grand jury returned an Indictment against the Movant. ECF Doc. 17.

5.       On March 5, 2018, a Motion to Withdraw as Attorney of record was filed by David Rogers, Esq. ECF Doc. 20.  On March 8, 2018, a Motion to Substitute Attorney was filed by Thomas S. Morgan, Esq. ECF Doc. 23.  On March 12, 2018, a Text Order Granting Attorney Thomas Morgan's Motion was entered.  Thomas S. Morgan, Esq. was added as attorney of record and David Rogers, Esq. was terminated.

6.       On April 4, 2018, a Motion to Suppress was filed by Thomas Morgan. ECF Doc. 27. On April 11, 2018, a Response in Opposition was filed by USA. ECF Doc. 31.  An evidentiary hearing was held on Defendant's Motion to Suppress on April 12, 2018.  *See* ECF Doc. 32. On April 19, 2018, the Motion to Suppress was Denied.  ECF Doc. 36.

7.       On April 23, 2018, Plea of Guilty Hearing was held.  A Findings of Fact and Recommendation was entered.  ECF Doc. 41.

8.       On May 7, 2018, an Order for Psychiatric or Psychological Examination was entered. ECF Doc. 47.  On May 29, 2018, a Motion to Withdraw as Attorney was filed by Thomas S. Morgan, Esq.  ECF Doc. 48.  On June 15, 2018, a Supplemental Motion to Withdraw was filed by Thomas S. Morgan, Esq. ECF Doc. 50.

9.       On July 5, 2018, a Change of Plea Notice was filed by Movant.  ECF Doc. 52.  On July 5, 2018, Movant filed notice that she released attorney Thomas Morgan of his services.  ECF No. 53.

10.      On July 27, 2018, psychiatric report received.  ECF Doc. 55.  On August 1, 2018, an Order Determining Competency was entered.  ECF Doc. 60.

11.      On August 1, 2018, an Order was entered Granting the Motion to Withdraw as Attorney and appointed Attorney Aaron Eckman to represent Movant.  ECF Doc. 59.  On August 4, 2018, A Supplemental Motion to Withdraw Plea of Guilty was filed by Aaron Eckman, Esq.

ECF Doc. 62.  On August 9, 2018, a text Order granting Motion to Withdraw Plea of Guilty was entered.

12.     On August 22, 2018, a grand jury returned a Superseding Indictment against the Movant on August 22, 2018, alleging two counts of a violation of Title 21, U.S.C. §841(a)(1) and 841(b)(1)(C), possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base "crack" and distribution of a controlled substance involving a quantity of a mixture and substance containing a detectable amount of cocaine.  ECF Doc. 76.

13.     On September 7, 2018, a Second Motion to Suppress and Motion to Reconsider Order on Defendant's First Motion to Suppress was filed by Aaron Eckman, Esq. ECF No. 91.  On September 14, 2018, a Response in Opposition to the Second Motion to Suppress was filed by USA. ECF No. 92.  An evidentiary hearing was held on Defendant's Second Motion to Suppress on September 27, 2018.  *See* ECF Doc. 93. On October 1, 2018, an Order Denying Movant's Second Motion to Suppress was entered.  ECF Doc. 117.

14.     On October 2, 2018, the Jury Trial commenced.  On October 3, 2018, the Jury Trial concluded with the Jury's Verdict.  The Movant was found Guilty on both counts of the indictment. ECF Doc. 124.

15.     On January 14, 2019, the Court sentenced the Movant as to Count 1: 51 months imprisonment; 3 years supervised release; no fine; $100 special assessment, to run concurrent with Count 2 – as to Count 2: 51 months imprisonment; 3 years supervised release; no fine; $100 special assessment, to run concurrent with Count 1. ECF Doc. 131.  On January 17, 2019, the Judgment was filed. ECF Doc. 132.

16.     On January 18, 2019, an Appeal of Final Judgment was filed by Aaron Eckman, Esq. ECF Doc. 134.  On October 20, 2020, a Judgment was filed by the Court of Appeals for the Firth Circuit Affirming the District Court's ruling. ECF Doc. 157.

17.     On January 18, 2019, a Motion to Withdraw as Attorney was filed by Victoria L. Kottman, Esq. ECF Doc. 135.  On January 18, 2019, a Motion to Withdraw and Request for Appointment of Substitute Counsel was filed by Aaron Eckman, Esq. ECF Doc. 136.  On January 22, 2019, an Order Granting the Motion to Withdraw and Order Appointing Appellate Counsel was entered. ECF Doc. 137.  Victoria Kottman-Eckman, Esq. and Aaron Eckman were withdrawn from any further representation of the Movant.  Nelson S. Ebaugh, Esq. was appointed as counsel for Movant.

18.     On August 1, 2019, an Order Granting the Motion to Withdraw and Substitute Retained Counsel was filed.  Nelson S. Ebaugh, Esq. was relieved of all further responsibilities in the appeal and D. Craig Hughes, Esq. was retained and substituted as counsel for Movant.  ECF Doc. 154.

19.     On December 24, 2021, a Motion to Vacate under § 2255 was filed by D. Craig Hughes, Esq. ECF Doc. 158.  On January 19, 2022, an Order for Service and advisory was entered. ECF Doc. 159.  On March 25, 2022, an Unopposed Motion for Extension of Time to File Response as to the Motion to Vacate under § 2255 was filed.  ECF Doc. 160. On March 25, 2022, a text Order Granting the Motion for Extension of Time to File Response until April 25, 2022, was entered.

### MOVANT'S CLAIM

Movant alleges that her third retained trial counsel was ineffective in that the Movant's attorney "was deficient for his failure to raise, object or bring to this court's attention" that the

"strip and cavity search of Williams for a misdemeanor offense was unreasonable and in violation of her Fourth and Fourteenth Amendment rights"  ECF Doc. 158 at 22. The Movant's allegation warrants no relief.

**GOVERNMENT'S RESPONSE**
**INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on an ineffective assistance of counsel claim a Movant must show both that: (1) trial counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687 94 (1984).  "It is insufficient for a defendant merely to prove that counsel's conduct was deficient; a defendant must have also been prejudiced by this ineffective legal assistance." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).  Unless the Movant establishes both deficient performance and prejudice, the claim fails.  *Id*.  The *Strickland* test is also applicable to appellate representation. *See generally, Penson v. Ohio*, 488 U.S. 75 (1988).

The first prong is only satisfied where the Movant shows that counsel's representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687. To establish deficient performance, a Movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* (*citing Strickland*, 466 U.S. at 688-689). The Fifth Circuit has explained that "[a] conscious and informed

decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martin v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (*citing United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). "Given the almost infinite variety of possible trial techniques and tactics available to counsel," the Fifth Circuit has stated that it "will not second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

"[S]crutiny of counsel's performance must be highly deferential." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), *citing Strickland*, 466 U.S. at 689. In explaining the "highly deferential" scrutiny to be afforded to the performance of counsel, the Supreme Court in *Strickland* stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (emphasis added). The *Strickland* Court further explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690.

### Movant's claim has been fully litigated on direct appeal at the Fifth Circuit

The Movant fully briefed the sole issue raised in her § 2255 on appeal and lost. *See* Opinion, ECF Doc. 157. In her brief on direct appeal Movant claimed:

> It is noteworthy that Williams was stopped because of a Texas Transportation Code Section 544.060(a)(1)(2) violation in regards to failing to maintain a single lane of traffic and Texas Transportation Code Section 545.104(a) for not signalling to make a lane change. These violations are Class C misdemeanors which are punishable by a fine only. Despite having been arrested for such minor traffic violations, Williams was handcuffed, detained, arrested, transported and subjected to a warrantless and humiliating body cavity strip search, all in violation of her rights pursuant to the Fourth Amendment. The 26.43 grams of cocaine base relating to Count 1s should have be suppressed, and Williams' conviction and sentence on Count 1s and 2s should be reversed.

*See* 2019 WL 5965085 (C.A.5) (Appellate Brief)

Movant further expanded on this very issue in her reply brief.  *See* 2020 WL 279025 (C.A.5) (Appellate Brief).

When a matter is briefed and decided on appeal, the Movant may not raise the same matter under 28 U.S.C. § 2255. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986). The Movant is attempting to relitigate the same matter she previously lost on appeal - styled under a claim of ineffective assistance of counsel.

As the claim does not raise factual matters that give rise to ineffective assistance of counsel, this Court should find that Movant's third trial counsel's (Morgan's) conduct did not fall below an objective standard of reasonableness, and thus Movant's claims for relief fail on the first prong. *See Strickland*, 466 U.S. at 687 ("The first prong is only satisfied where the defendant shows that counsel's representation fell below an objective standard of reasonableness.") Further, even if Movant's third trial counsel's (Morgan's) performance had fallen below an objective standard of reasonableness, the trial proceedings were not affected by any such errors, as she fired Morgan, the court appointed attorney Aaron Eckman, and Eckman provided *more* than effective representation.  Eckman filed a second motion to suppress challenging the second prong of the *Terry* framework by arguing that police arresting her and strip-searching her at the jail

"exceeded the scope of the detention for a traffic violation and their actions were not reasonably related to the mission of issuing a traffic ticket." (ROA.170). This effective representation by Eckman occurred **_after_** Morgan's representation terminated and prior to Movant's trial. In fact, Eckman argued to this court the very issue Movant claims Morgan's failure to raise rendered her ineffective assistance of counsel. Simply put, Movant can not reach her burden as Morgan's representation preceded the **_effective_** representation of her fourth trial attorney, Aaron Eckman.

**Movant received effective assistance of counsel**

Even though the Fifth Circuit has already decided the matter on direct appeal, a brief analysis of the matter brings this Court to the same conclusion. In her second motion to suppress, Williams challenged the second prong of the *Terry* framework by arguing that police arresting her and strip-searching her at the jail "exceeded the scope of the detention for a traffic violation and their actions were not reasonably related to the mission of issuing a traffic ticket." (ROA.170). However, "[a]n officer may conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors." *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009). Once at jail, "correctional officials do not need reasonable suspicion to conduct reasonable strip searches of detainees arrested for minor offenses." *Goff v. Pert*, 741 F. App'x 211, 214 n.3 (5th Cir. 2018). This is because "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 328 (2012)).

Midland Police Officer Brianna Rodriguez testified at the second suppression hearing that she had arrested Movant "[f]or the traffic violations." (ROA.473-74, 476). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in

his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  The Texas motorist arrested in *Atwater* was also charged with a traffic misdemeanor that could not carry any jail time yet the Court held arrests for minor offenses supported by probable cause do not violate the Fourth Amendment. 532 U.S. at 346.

 Rodriguez's probable cause to conclude Movant had committed the traffic offenses came from communication with Midland Police Department Detective Matthew Sedillo. (ROA.477-78). "[I]t is not necessary for the arresting officer to know all of the facts amounting to probable cause, as long as there is some degree of communication between the arresting officer and an officer who has knowledge of all the necessary facts." *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007). *See also United States v. Molinero Puente*, 778 F. App'x 311, 312 (5th Cir. 2019) (denying motion to suppress after arrest for traffic violations, where arresting officer was told of traffic violations by different officer).

The crack cocaine charged in Count 1 was found during Movant's post-arrest search at the county jail. (ROA.139, 305). Jails may conduct these searches without "impinging on an inmate's constitutional rights . . . if it is reasonably related to legitimate penological interests." *Mabry v. Lee County*, 849 F.3d 232, 236 (5th Cir. 2017) (quoting *Florence*, 566 U.S. at 326). It was Midland County jail's policy to strip-search inmates who might be carrying contraband, and Sedillo had informed the jail that Movant might possess controlled substances. (ROA.459-60).

Sedillo's intent that the arrest and strip-search would uncover the drugs does not make either unreasonable. (ROA.305, 457). "[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason

for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (citations omitted).

The Midland Police had probable cause to arrest Movant for traffic violations, and the drugs were found as part of the county jail's standard intake policies. All of these issues were presented to this court through the effective representation by her fourth attorney, Aaron Eckman, who represented Movant ***after*** Morgan's representation terminated, yet prior to Movant's trial. There was no ineffective assistance of counsel.   Movant simply doesn't like or agree with the rulings of this court denying her motions to suppress, the jury's verdict, or the Fifth Circuit's decision on direct appeal.  None of those are grounds for relief.

### THE COURT SHOULD DENY A CERTIFICATE OF APPEALABILITY

The final order in a habeas corpus proceeding may not be appealed by the Movant unless this court or the Fifth Circuit Court of Appeals issues a certificate of appealability. The governing law, 28 U.S.C. § 2253(c) provides that:  "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.  The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." *Id. See Lackey v. Johnson*, 116 F.3d, 151 (5th Cir. 1997) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues.) A Movant satisfies the certificate of appealability standard by demonstrating that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014). The Movant has not made a "substantial showing of the denial of a

constitutional right" as required by 28 U.S.C. § 2253(c)(2). Movant's claims should be denied, and the court should deny Movant a certificate of appealability.

## EVIDENTIARY HEARING IS NOT REQUIRED

Since the issues before this court can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where Movant's allegations are affirmatively contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979), cert. denied, 450 U.S. 934 (1981).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence and urges the Court to deny Movant's Motion.

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By:      */s/ Brandi Young*
BRANDI YOUNG
Assistant United States Attorney
Texas Bar No. 24045988
400 West Illinois, Suite 1200
Midland, Texas 79701
Telephone:  (432) 686-4110
Facsimile:  (432) 686-4124
E-mail:  Brandi.Young@usdoj.gov

## Certificate of Service

By signing above, I hereby certify that on April 22, 2022, I filed this document with the Clerk using the CM/ECF filing system.

*/s/ Brandi Young*
BRANDI YOUNG
Assistant United States Attorney